Reine Glanz
REINE ROONEY LLC
33 Weichers Street
Lake Ronkonkoma, NY 11779
917-334-7043
Attorney for Defendant
Fashion Week Inc.

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK
_____

IMG WORLDWIDE, LLC and
INTERNATIONAL MERCHANDISING
COMPANY, LLC,

                Plaintiffs,                        Civil Action No.: 1:19-cv-11225

        v.

FASHION WEEK, INC.,

                Defendant.
_____

### ANSWER AND COUNTERCLAIMS OF DEFENDANT FASHION WEEK, INC.

        Defendant and Counterclaimant, Fashion Week, Inc. (hereinafter, "FWI"), by and through its attorneys, Reine Glanz, Esq respectfully submits this Answer and Counterclaim to the Complaint filed by Plaintiffs and answers and alleges as follows:

### ANSWER

        In response to the specific allegations contained in the Complaint, Fashion Week states as follows:

1.      Denies the allegations contained in the paragraph 1 and demand strict proof thereof.

2.      Avers that paragraph 2 of the Complaint sets forth legal and factual conclusions only to which no response is required, and states facts which the Defendant is unable to either admit or deny, as it has no independent basis to do so.

3.      Denies the allegations in paragraph 3 of the Complaint, on the basis that they are false and defamatory in nature to such a degree, that they exceed the litigation privilege.

4.      Denies the truth of the allegations in paragraph 4 of the Complaint, on the basis that they are false and defamatory in nature to such a degree, that they exceed the litigation privilege.

5.      Denies the truth of the allegations in paragraph 5 of the Complaint, on the basis that they are false and defamatory in nature to such a degree, that they exceed the litigation privilege.

6.      Denies the truth of the allegations of paragraph 6, in that it misrepresents the findings and ruling of the court.

7.      Denies the truth of the allegations in paragraph 7 of the Complaint, on the basis that they are false and defamatory in nature to such a degree, that they exceed the litigation privilege.

8.      Defendant admits to paragraph 8 that IMG filed an opposition in the USPTO proceedings, but did so without a proper legal or factual basis.

9.      Denies the truth of the allegations in paragraph 9 of the Complaint, on the basis that they are false and defamatory in nature to such a degree, that they exceed the litigation privilege.

10.      Defendant admits to paragraph 10 that the USPTO proceedings have been suspended, but denies that the parties did not reach a settlement.   The parties did reach a settlement recently, however, after an additional demand by the Plaintiffs, the settlement lapsed.

11.      Defendant denies to the allegations in paragraph 11 that there is any need to protect any of Plaintiffs' asserted "rights", as there is no consumer deception or confusion, or that if there is, it has been caused by the Plaintiffs' wrongful use of the Defendant's trademarks.

12.      Avers that paragraph 12 of the Complaint sets forth legal and factual conclusions only to which no response is required, and states facts which the Defendant is unable to either admit or deny, as it has no independent basis to do so.

13.     Avers that paragraph 13 of the Complaint sets forth legal and factual conclusions only to which no response is required, and states facts which the Defendant is unable to either admit or deny, as it has no independent factual basis to do so.

14.     Avers that paragraph 14 of the Complaint sets forth legal and factual conclusions only to which no response is required, and states facts which the Defendant is unable to either admit or deny, as it has no independent factual basis to do so.

15.     Avers that paragraph 15 of the Complaint sets forth legal and factual conclusions only to which no response is required, and states facts which the Defendant is unable to either admit or deny, as it has no independent factual basis to do so.

16.     Denied the allegations in the paragraph 16 on the basis that the address information is no longer correct.

17.     Avers that paragraph 17 of the Complaint sets forth legal and factual conclusions only to which no response is required, and states facts which the Defendant is unable to either admit or deny, as it has no independent basis to do so.

18.     Avers that paragraph 18 of the Complaint sets forth legal and factual conclusions only to which no response is required, and states facts which the Defendant is unable to either admit or deny, as it has no independent factual basis to do so.

19.     Avers that paragraph 19 of the Complaint sets forth legal and factual conclusions only to which no response is required, and states facts which the Defendant is unable to either admit or deny, as it has no independent factual basis to do so.

20.     Avers that paragraph 20 of the Complaint sets forth legal and factual conclusions only to which no response is required, and states facts which the Defendant is unable to either admit or deny, as it has no independent factual basis to do so.

21.     Denies the allegations contained in the paragraph 21 and demand strict proof thereof.

22.     Avers that paragraph 22 of the Complaint sets forth legal and factual conclusions only to which no response is required, and states facts which the Defendant is unable to either admit or deny, as it has no independent factual basis to do so.

23.     Avers that paragraph 23 of the Complaint sets forth legal and factual conclusions only to which no response is required, and states facts which the Defendant is unable to either admit or deny, as it has no independent factual basis to do so.

24.     Denies the allegations contained in the paragraph 24 and demand strict proof thereof.

25.     Denies the allegations contained in the paragraph 25 and demand strict proof thereof.

26.     Avers that paragraph 26 of the Complaint sets forth legal and factual conclusions only to which no response is required, and states facts which the Defendant is unable to either admit or deny, as it has no independent factual basis to do so.

27.     Avers that paragraph 27 of the Complaint sets forth legal and factual conclusions only to which no response is required, and states facts which the Defendant is unable to either admit or deny, as it has no independent factual basis to do so.

28.     Avers that paragraph 28 of the Complaint sets forth legal and factual conclusions only to which no response is required, and states facts which the Defendant is unable to either admit or deny, as it has no independent factual basis to do so.

29.     Denies the allegations contained in the paragraph 29 and demand strict proof thereof.

30.     Avers that paragraph 30 of the Complaint sets forth legal and factual conclusions only to which no response is required, and states facts which the Defendant is unable to either admit or deny, as it has no independent factual basis to do so.

31.     Avers that paragraph 31 of the Complaint sets forth legal and factual conclusions only to which no response is required, and states facts which the Defendant is unable to either admit or deny, as it has no independent factual basis to do so.

32.     Avers that paragraph 32 of the Complaint sets forth legal and factual conclusions only to which no response is required, and states facts which the Defendant is unable to either admit or deny, as it has no independent factual basis to do so.

33.     Avers that paragraph 33 of the Complaint sets forth legal and factual conclusions only to which no response is required, and states facts which the Defendant is unable to either admit or deny, as it has no independent factual basis to do so.

34.     Avers that paragraph 34 of the Complaint sets forth legal and factual conclusions only to which no response is required, and states facts which the Defendant is unable to either admit or deny, as it has no independent factual basis to do so.

35.     Avers that paragraph 35 of the Complaint sets forth legal and factual conclusions only to which no response is required, and states facts which the Defendant is unable to either admit or deny, as it has no independent factual basis to do so.

36.     Avers that paragraph 36 of the Complaint sets forth legal and factual conclusions only to which no response is required, and states facts which the Defendant is unable to either admit or deny, as it has no independent factual basis to do so.

37.     Defendant generally denies to the allegations in paragraph 37 that the "consuming public has come to recognize" IMG as the exclusive source of marks associated with the New York Fashion Week event. Denies and demands strict proof thereof.

38.     Denies the allegations contained in the paragraph 38 and demand strict proof thereof.

39.     Avers that paragraph 39 of the Complaint sets forth legal and factual conclusions only to which no response is required, and states facts which the Defendant is unable to either admit or deny, as it has no independent factual basis to do so.

40.     Defendant generally denies the allegations in paragraph 40 that New York Fashion Week or NYFW related marks used by IMG because IMG voluntarily abounded the following

trademarks at the USPTO: (i) "Fashion Week New York"; (ii) "New York Fashion Week"; and (iii) "7th on Sixth". IMG abandoned these trademarks not once, but three separate times approximately ten (10) years ago. However, IMG is now alleging prior use. Per TTAB standards, in order to establish priority of use, a party must show it owns a mark or trade name previously used in the United States and not abandoned. See Exhibits A, B & C.

41.     Defendant generally denies to the allegations in paragraph 41 that New York Fashion Week or NYFW related marks used by IMG because IMG voluntarily abounded the following trademarks at the USPTO: (i) "Fashion Week New York"; (ii) "New York Fashion Week"; and (iii) "7th on Sixth". IMG abandoned these trademarks not once, but three separate times approximately ten (10) years ago. However, IMG is now alleging prior use. The marks were not in use by IMG and IMG voluntarily abandoned. Also, marks claimed by IMG were in class 20 "furniture" as opposed to trade shows that IMG is now alleging to own and use in this complaint. In addition, IMG shows were called "Mercedes Benz Fashion Week" and "MBFW" for a decade until 2015 when FWI's marks were already in use. See Exhibit D.

42.     Denied to the allegations in paragraph 42. New York Fashion Week or NYFW related marks were voluntarily abounded by IMG at USPTO. IMG abandoned these trademarks not once, but three separate times approximately ten (10) years ago. However, IMG is now alleging prior use.

43.     Denied to the allegations in paragraph 43, New York Fashion Week or NYFW related marks were voluntarily abounded by IMG at USPTO. IMG abandoned these trademarks not once, but three separate times approximately ten (10) years ago. However, IMG is now alleging prior use. IMG events were tradeshows only and invite only. FWI shows are distinct as we sell tickets for entertainment purposes for consumer shows only. FWI website clearly states Consumer shows only, also states a disclaimer, FWI is not affiliated with IMG or CFDA. Therefore, there was and is no confusion.

44.     Denied the allegations contained in the paragraph 44 and demand strict proof thereof.

45.     Denied the allegations contained in the paragraph 45 and demand strict proof thereof.

46.     Avers that paragraph 46 of the Complaint sets forth legal and factual conclusions only to which no response is required, and states facts which the Defendant is unable to either admit or deny, as it has no independent factual basis to do so.

47.     Avers that paragraph 47 of the Complaint sets forth legal and factual conclusions only to which no response is required, and states facts which the Defendant is unable to either admit or deny, as it has no independent factual basis to do so.

48.     Denied the allegations contained in the paragraph 48 and demand strict proof thereof.

49.     Denied the allegations contained in the paragraph 49 and demand strict proof thereof.

50.     Admitted to the paragraph 50 as to letter being sent. Specifically denies any other allegations.

51.     Denied the allegations contained in the paragraph 51 and demand strict proof thereof.

52.     Denied the allegations contained in the paragraph 52 and demand strict proof thereof.

53.     Denied the allegations contained in the paragraph 53 and demand strict proof thereof.

54.      Avers that paragraph 54 of the Complaint sets forth legal and factual conclusions only to which no response is required, and states facts which the Defendant is unable to either admit or deny, as it has no independent factual basis to do so.

55.     Denied the allegations contained in the paragraph 55 and demand strict proof thereof.

56.     Denied the allegations contained in the paragraph 56 and demand strict proof thereof.

57.     Denied the allegations contained in the paragraph 57 and demand strict proof thereof.

58.     Denied the allegations contained in the paragraph 58 and demand strict proof thereof.

59.     Denied the allegations contained in the paragraph 59 and demand strict proof thereof.

60.     Denied the allegations contained in the paragraph 60 and demand strict proof thereof.

61.     Denied to the allegations in paragraph in 61 to the misrepresentation of Court's ruling.

62.     Denied the allegation in paragraph 62 as there was no decision on the merits of the case. The decision was restricted and limited to TRO based on the strict TRO requirements.

63.     Defendant admits that it voluntarily dismissed its lawsuit following the motion for a TRO, but denies that the decision to do so was based solely on the ruling by the court in that matter.

64.     Denied the allegations contained in the paragraph 64 and demand strict proof thereof.

65.     Denied the allegations contained in the paragraph 65 and demand strict proof thereof.

66.     Denied the allegations contained in the paragraph 66 and demand strict proof thereof.

67.     Denied the allegations contained in the paragraph 67 and demand strict proof thereof.

68.     Avers that paragraph 68 of the Complaint sets forth legal and factual conclusions only to which no response is required, and states facts which the Defendant is unable to either admit or deny, as it has no independent factual basis to do so.

69.     Denied the allegations contained in the paragraph 69 and demand strict proof thereof.

70.     Avers that paragraph 70 of the Complaint sets forth legal and factual conclusions only to which no response is required, and states facts which the Defendant is unable to either admit or deny, as it has no independent factual basis to do so.

71.     Admit to the paragraph 71.

72.     Denied the allegations contained in the paragraph 72 and demand strict proof thereof.

73.     Denied the allegations contained in the paragraph 73 and demand strict proof thereof.

74.     Admit the allegations in paragraph 74, that each party FWI and IMG has mutually opposed one others trademarks at USPTO.

75.     Denied the allegations contained in the paragraph 75 and demand strict proof thereof.

76.     Denied the allegations contained in the paragraph 76 and demand strict proof thereof.

77.     Denied the allegations contained in the paragraph 77 and demand strict proof thereof.

78.     Denied the allegations contained in the paragraph 78 and demand strict proof thereof.

79.     Admit to paragraph 79 to FWI opposing IMG's mark at TTAB.

80.     Admit to paragraph 80 to IMG opposing FWI's mark at TTAB.

81.     Defendant admits to paragraph 81 that the court consolidated the two proceedings based on the stipulation.

82.     Defendant generally admits the allegations of paragraph 82.

83.     Avers that paragraph 83 of the Complaint sets forth legal and factual conclusions only to which no response is required, and states facts which the Defendant is unable to either admit or deny, as it has no independent factual basis to do so.

84.     Admits to paragraph 84.

85.     Admits to paragraph 85.

86.     Denied the allegations contained in the paragraph 86 and demand strict proof thereof.

87.     Denied the allegations contained in the paragraph 87 and demand strict proof thereof.

88.     Generally, admits to paragraph 88 but specifically deny that the photo represents IMG's marks.

89.     Generally, admits to paragraph 89 but specifically deny that the photo represents IMG's marks.

90.     Generally, admits to paragraph 90 but specifically deny that the photo represents IMG's marks.

91.     Generally, admits to paragraph 91 but specifically deny that the photo represents IMG's marks.

92.     Generally, admits to paragraph 92 but specifically deny that the photo represents IMG's marks.

93.     Denied the allegations contained in the paragraph 93 and demand strict proof thereof.

94.     Denied the allegations contained in the paragraph 94 and demand strict proof thereof.

95.     Denied the allegations contained in the paragraph 95 and demand strict proof thereof.

96.      Denied the allegations contained in the paragraph 96 and demand strict proof thereof.

97.     Denied the allegations contained in the paragraph 97 and demand strict proof thereof.

98.     Denied the allegations contained in the paragraph 98 and demand strict proof thereof.

99.     Denied the allegations contained in the paragraph 99 and demand strict proof thereof.

100.    Denied the allegations contained in the paragraph 100 and demand strict proof thereof.

101.    Denied the allegations contained in the paragraph 101 and demand strict proof thereof.

103.    Avers that paragraph 103 of the Complaint sets forth legal and factual conclusions only to which no response is required, and states facts which the Defendant is unable to either admit or deny, as it has no independent factual basis to do so.

104.    Avers that paragraph 104 of the Complaint sets forth legal and factual conclusions only to which no response is required, and states facts which the Defendant is unable to either admit or deny, as it has no independent factual basis to do so.

105.    Denied the allegations contained in the paragraph 105 and demand strict proof thereof.

106.    Denied the allegations contained in the paragraph 106 and demand strict proof thereof.

107.    Denied the allegations contained in the paragraph 107 and demand strict proof thereof.

108.    Avers that paragraph 108 of the Complaint sets forth legal and factual conclusions only to which no response is required, and states facts which the Defendant is unable to either admit or deny, as it has no independent factual basis to do so.

109.    Denied the allegations contained in the paragraph 109 and demand strict proof thereof.

110.    Avers that paragraph 110 of the Complaint sets forth legal and factual conclusions only to which no response is required, and states facts which the Defendant is unable to either admit or deny, as it has no independent factual basis to do so.

112.    Denied the allegations contained in the paragraph 112 and demand strict proof thereof.

113.    Denied the allegations contained in the paragraph 113 and demand strict proof thereof.

114.    Denied the allegations contained in the paragraph 114 and demand strict proof thereof.

115.    Avers that paragraph 115 of the Complaint sets forth legal and factual conclusions only to which no response is required, and states facts which the Defendant is unable to either admit or deny, as it has no independent factual basis to do so.

117.    Defendant denies the allegations set forth in paragraph 117, as untrue and demand strict proof thereof.

118.    Defendant denies the allegations set forth in paragraph 118, as untrue and demand strict proof thereof.

119.    Defendant denies the allegations set forth in paragraph 119, as untrue and demand strict proof thereof.

120.    Defendant denies the allegations set forth in paragraph 120, as untrue and demand strict proof thereof.

121.    Defendant denies the allegations set forth in paragraph 121, as untrue and demand strict proof thereof.

122.    Avers that paragraph 122 of the Complaint sets forth legal and factual conclusions only to which no response is required, and states facts which the Defendant is unable to either admit or deny, as it has no independent factual basis to do so.

124.    Defendant denies the allegations set forth in paragraph 124, as untrue and demand strict proof thereof.

125.    Defendant denies the allegations set forth in paragraph 125, as untrue and demand strict proof thereof.

126.     Defendant denies the allegations set forth in paragraph 126, as untrue and demand strict proof thereof.

127.     Defendant denies the allegations set forth in paragraph 127, as untrue and demand strict proof thereof.

128.     Avers that paragraph 128 of the Complaint sets forth legal and factual conclusions only to which no response is required, and states facts which the Defendant is unable to either admit or deny, as it has no independent factual basis to do so.

130.     Defendant denies the allegations set forth in paragraph 130, as untrue and demand strict proof thereof.

131.     Defendant denies the allegations set forth in paragraph 131, as untrue and demand strict proof thereof.

132.     Defendant denies the allegations set forth in paragraph 132, as untrue and demand strict proof thereof.

133.     Defendant denies the allegations set forth in paragraph 133, as untrue and demand strict proof thereof.

134.     Defendant denies the allegations set forth in paragraph 134, as untrue and demand strict proof thereof.

135.     Avers that paragraph 135 of the Complaint sets forth legal and factual conclusions only to which no response is required, and states facts which the Defendant is unable to either admit or deny, as it has no independent factual basis to do so.

136.     Defendant denies the allegations set forth in paragraph 136, as untrue and demand strict proof thereof.

137.    Avers that paragraph 137 of the Complaint sets forth legal and factual conclusions only to which no response is required, and states facts which the Defendant is unable to either admit or deny, as it has no independent factual basis to do so.

Wherefore, Defendant prays that the Plaintiff take nothing by its complaint and that the complaint be dismissed with prejudice.

## AFFIRMATIVE DEFENSES

A.    **STATUTUE OF LIMITATIONS:**

Defendant has been using its trademarks since 2013 without any challenge by Plaintiff until December of 2019, well beyond any applicable limitations period.

B.    **LACHES:**

An unreasonable amount of time has elapsed since the Defendant first began using its Trademarks with the full knowledge of the Plaintiff, who only one month ago, asserted a legal challenge to the use of Defendant's trademarks.

C.    **FAILURE TO STATE A CAUSE OF ACTION:**

Each of the Plaintiff's causes of action fails to state facts sufficient to support them.

D.    **ESTOPPEL:**

Plaintiff is estopped from now challenging the Defendant's use of its own marks, when it allowed such use over many years without challenge, as the Plaintiff has established a consumer base for its products based on those undisputed trademarks.

E.    **UNCLEAN HANDS:**

The Plaintiff is not entitled to any equitable remedies based on its own infringement of the Defendant's trademarks, its unfair competition within the Fashion industry and its antitrust monopolizing of generic terms which apply only to an event, not to any particular vendor or company.

F.      **FAIR USE COMPETITION:**

Defendant is fully within its right to use its trademarks to market to a different type of consumer than any other vendor associated with the event known generally, as "Fashion Week" (Lanham Act § 1115b).

G.      **COLLATERAL USE OF TRADEMARKS:**

Defendant has an absolute right to use its trademarks to market its own unique products to a segment of consumers not targeted by any other vendor associated with the generic event term "Fashion Week".

H.      **THE WEAK AND GENERIC NATURE OF PLAINTIFF'S TRADEMARKS:**

The Plaintiff seeks to misappropriate the name of an event which has customarily become known as "New York Fashion Week".  An event is not a trademark, nor can it be, due to the generic nature of the term.  Based on its generic nature, the misappropriated mark is also too weak to afford it any protection of any kind.

I.      **THE INCONTESTABILITY OF DEFENDANT'S MARKS:**

Based on the long term and continual use by the Defendant of its marks, their use by the Defendant is fair competition, and cannot be contested by any legal action brought by Plaintiff.

J.      **LACK OF ANY CONFUSION:**

The products advertised and sold by the Defendant using its own trademarks, is marketed to a unique group of consumers who are different from any to which the Plaintiff has historically marketed to.  Therefore, there is no opportunity for any confusion as to the products marketed by the Defendant with those of the Plaintiff.

K.      **ABANDONMENT OF MARKS/USE OF MARKS:**

Defendant alleges that the Plaintiff has failed to use any marks or entitlement to exclusively use any marks which it claims were infringed upon, and thereby have abandoned such rights or entitlements to exclusively use any such marks, by means of lack of use for over ten (10) years.

L.      **PLAINTIFF'S CLAIMS ARE BARRED BY THE DOCTRINE OF RES JUDICATA**

The same claims that Plaintiff asserts in this action, were already decided by the TTAB in another proceeding based on the same parties and facts.

**FASHION WEEK, INC.'S COUNTERCLAIMS**

**AGAINST IMG WORLDWIDE, LLC**

Fashion Week, Inc., ("FWI"), a New York corporation, with its principal place of business located at 1501 Broadway, Suite 12039, New York, NY 10036, brings the following counterclaims against IMG Worldwide, LLC ("IMG"), as more fully set forth herein below:

**JURISDICTION AND VENUE**

1.      This court has jurisdiction over the subject matter of this action pursuant to section 39 of the Lanham Act, 15 U.S.C. § 1121 and under Sections 1331, 1338(a) and 1338(b) of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a) and 1338(b), and under principals of pendent jurisdiction.  The Court has supplemental jurisdiction over FWI's state law claims under Section 1367(a) of the Judicial Code, 28 U.S.C. § 1367(a).

2.      This court has personal jurisdiction over Defendants New York Civil Practice Law and Rules Section, as the Defendants conduct or transact business within the Southern District of New York.

3.      Venue is proper in this district pursuant to 28 U.S.C. §1391 as a substantial part of the actions and wrongful conduct underlying these claims occurred in this district.

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

4.      FWI is headed by Ms. Trisha Paravas, as CEO.  Ms. Paravas founded Fashion Week Inc., on November 13, 2013, with the concept of producing fashion shows for the benefit and interest of the fashion consumer, who would attend the shows and be able to see the latest fashions and meet many of the most trend setting designers personally, during the two New York Fashion Week events, held in September and February of each year.  These personal and consumer focused shows sponsored by many of the major designers and manufacturers were in complete contrast to the Industry and media focused event shows held by IMG and sponsored by corporate advertisers, such as Mercedes Benz which excluded the consumer from the experience.  So much was the corporate sponsorship integrated into the IMG shows, that those events took on the name of the sponsor, and became known as the Mercedes Benz -- for several years.

5.      FWI held consumer focused shows for many years, beginning in 2013, through 2015, with increasing profits for each of the subsequent shows.  It was not until 2015, when IMG first took notice of the success of FWI and its consumer-based show events, that it put into place, a plot with others to drive FWI out of the New York Fashion events.

6.      In May of 2015, following the success of its numerous consumer-based fashion shows, FWI applied for the NYFW trademark for online ticket sales for entertainment and fashion shows. This mark was granted and registered on the principal record on December 15, 2015.

7.      One of the main reasons that the shows produced by FWI were a success and they were able to sell out tickets and start to turn a profit, was the involvement of major corporate sponsors. By the time of Lie Sangbong show, FWI had over 30 major corporate sponsors; for example, Intersport, the Ritz-Carlton, JP Morgan Cahse, Aveda Cosmetics, Dr. Pepper/Snapple soft drinks, Saratoga Water, etc.  With each successful show, FWI was able to approach even larger sponsors which drove up the profitability of each show produced.

8.      Due to the success of the Lie Sangbong show New York Fashion Week shows and FWI also received a substantial amount of press about the consumer-based show in the fashion business.  By this time FWI had developed a core following in its targeted demographic.  In August 2015, everything changed.

**Defendants IMG's Infringement**

9.      In or around July 2015, Mercedes Benz announced that it was no longer going to sponsor the New York based fashion shows.  There would no longer be a MBFW. Due to the loss of its main sponsor IMG changed their focus away from one sole corporate sponsor. Subsequently in August 2015, IMG in conjunction with the CFDA announced that they had changed their branding to NEW YORK FASHION WEEK®, and IMG adopted in particular the NYFW® logo as part of their branding which was now "NYFW THE SHOWS".

10.     IMG put up a new website which both incorporated FWI's full NEW YORK FASHION WEEK® trademark and adopted NYFW® into their "NYFW THE SHOWS".  Annexed as Exhibit E are also examples of IMG'S website showing that they are utilizing both the NYFW® and NEW YORK FASHION WEEK® marks as part of their branding.

11.     Despite FWI's exclusive rights, IMG began use of the exact letters, words, and order of the NYFW® and NEW YORK FASHION WEEK® Trademarks, which were already registered and used by the Company, with IMG mirroring the exact format as FWI, in capitalizing the first letter of each word. IMG explicitly used the marks known to be owned exclusively by Plaintiff and held themselves out as the owner of the NYFW® and NEW YORK FASHION WEEK ® marks.

12.     Knowing of the impending departure of Mercedes Benz and the need to rebrand, IMG and CFDA joined together to improperly wrest control of the NYFW® and NEW YORK FASHION WEEK ® marks away from Cross-Claimant.

13.     IMG by its attorneys, wrongfully claimed confusion and inference with their business, in

producing their fashion events even though FWI owned the registrations for NEW YORK FASHION WEEK® mark. Prior to August 2015, IMG's fashion events were known to the public as 'MBFW' for six years, 'Olympus Fashion Week'' for three years, and for the eleven years before that it was '7th on Sixth'. Never had the events been officially branded as New York Fashion Week or as NYFW.

14.     IMG and CFDA launched their rebranding campaign in August 2015, announcing their new branding and logos to the Fashion business and market place, knowing full well at that time the FWI owned all rights to use the NEW YORK FASHION WEEK®, and NYFW marks exclusively.  Knowing of the impending departure of Mercedes Benz and the need to rebrand, IMG along with others in the New York fashion industry, joined together to improperly convert the use of FWI's established marks, NYFW ® and NEW YORK FASHION WEEK ® for their own exclusive use.  As part of that joint plan, IMG filed a cancellation proceeding to force FWI out of business and fraudulently obtain its marks without compensation.  That malicious attempt to misappropriate the valuable marks that FWI had held for many years, earning profits from their use over time to create a consistent consumer based market, was terminated at that time, by the USPTO Trademark Trial and Appeal Board (TTAB), on February 2, 2016 for among other reasons a failure to prosecute their action, establishing the ulterior motive in filing the cancellation.

15.     After the unsuccessful attempt by IMG to legally cancel FWI's marks, it then, in August of 2015, began to unconsensually use the marks of FWI by means of logos and branding, causing significant confusion on the part of the consuming public, and caused thereby, detrimental economic consequences to FWI, resulting in an inability to compete with IMG, based on its misappropriation of FWI's marks.  The branding confusion caused by the IMG use of FWI's marks, further resulted in an inability to compete as the past sponsors and advertisers at the FWI events over the past three years, were unwilling to underwrite the FWI consumer shows, given the uncertainty of who had the right to use the New York Fashion Week branding.  Consequently, FWI has lost hundreds of thousands of dollars since 2016, due to the malicious misappropriation of its marks by IMG.

## FIRST COUNTERCLAIM
## VIOLATION OF NEW YORK GEN. BUS. LAW § 360(k)
### (TRADEMARK INFRINGMENT)

16.     Cross-Claimant hereby incorporates paragraphs 1-15 above, as though fully set forth at length herein.

17.     **360-k. Infringement**. Subject to the provisions of this section, any person who shall:

(a) use, without the consent of  the  registrant,  any  reproduction, counterfeit,  copy,  or colorable  imitation of a mark registered under this article in connection with the  sale,  distribution, offering for sale,  or  advertising of any goods or services on or in connection with which such use is likely to cause confusion or mistake or to deceive as to the source of origin of such goods or services . . . shall be liable in a civil action by the registrant for any and all of the remedies provided in section three hundred sixty-l of this article, except that under this subdivision the registrant shall not be entitled to recover profits or damages unless the acts have been committed with the intent to cause confusion or mistake or to deceive.

18.     As more fully described herein above, IMG has reproduced, copied and imitated the marks owned by FWI, without its consent and without any compensation.  IMG not only misappropriated the FWI trademarks for its own purpose, but also with the intent of harming FWI and forcing it out of business, to eliminate any competition in the Fashion industry.

19.     Cross-Claimant further alleges that IMG's unauthorized use of FWI marks was done with full notice and knowledge of the exclusive right to use the marks by FWI and that its promotion, sponsorship, advertisement and other marketing of fashion show productions, including the sale and offers for sale of tickets to events, sale of merchandise, was a willful and malicious effort to not only misappropriate and convert the marks owned by FWI, but to harm FWI in the process.

20.     As a result of the acts and activities of IMG, the Cross-Claimant has been damaged and has suffered, or will suffer, losses in an amount to be determined at time of trial, but is no less than

$5,000,000.00.

## SECOND COUNTERCLAIM
## UNFAIR COMPETITION
(MISAPPROPRIATION)

21.    Cross-Claimant hereby incorporates paragraphs 1-20 above, as though fully set forth at length herein.

22.    The "essence of unfair competition under New York common law is the bad faith misappropriation of the labors and expenditures of another, likely to cause confusion or to deceive purchasers as to the origin or the goods." (citation omitted).

23.    Cross-Claimant alleges that IMG has since 2014, misappropriated the labors and expenditures of FWI, in a bad faith effort to cause confusion in the consumer fashion market, and did so in a deceitful and bad faith manner, to unjustly enrich itself and to harm FWI and to suppress any competition by FWI.

24.    Cross-Claimant further alleges that such misappropriation and deceit, occurred over the course of the last three years by means of the misuse by IMG, of the trademarks exclusively owned by FWI, including the New York Fashion Week and New York Fashion Weeks Shows marks.

25.    Cross-Claimant also alleges that IMG's use of marks are Infringing uses of the same general nature and type as Plaintiff's business services and events hosted by Plaintiff and as such, Defendants' promotion, sponsorship, and advertisement of fashion show productions including sale, and offers for sale of tickets to this events sale and the infringing sale of any goods such as apparel and accessories that infringe upon Plaintiff's FWI Trademark is likely to and does permit Defendants to palm off the infringing goods services and any Products as those of Plaintiff, all to the detriment of Plaintiff and the unjust enrichment of Defendant.

26.    Upon information and belief, Defendants, with full knowledge of the fame of the FWI Trademarks, intended to, and did, trade on the goodwill associated with the FWI Trademark and have

misled and will continue to mislead the public into assuming a connection between Plaintiff and Defendant by Defendant's advertising, selling and/or distributing of the Infringing Products.

27.     Defendants' unauthorized use of marks that infringe upon Plaintiff s FWI Trademark has caused, and is likely to continue to cause, Plaintiff damage by tarnishing the valuable reputation and images associated with Plaintiff and its genuine goods and services.

28.     The acts of Defendants', which caused and accomplished confusion, mislead and deceive the public as to the source of the Infringing Products, permit and accomplish palming off of the Infringing Products as those of Plaintiff s and falsely suggest a connection with Plaintiff, constitute acts of unfair competition with Plaintiff in violation of the laws of the State of New York.

29.     As a result of the acts and activities of IMG, the Cross-Claimant has been damaged and has suffered, or will suffer, losses in an amount to be determined at time of trial, but is no less than $5,000,000.00.

## THIRD COUNTERCLAIM
## FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

30.     Cross-Claimant repeats and re-alleges the allegations of Paragraphs I through 29 of this Counter-Claim as if fully set forth herein.

31.     The FWI Trademark and the goodwill of the businesses associated with them in the United States and throughout the world are of great and incalculable value, are highly distinctive, and have become universally associated in the public mind with the products and services of the very highest quality and reputation finding their source in Plaintiff.

32.     Upon information and belief, without Plaintiff's authorization or consent, and having knowledge of Plaintiff's well-known and prior rights in the FWI Trademark, and the fact that Defendant's goods and services bear marks which are confusingly similar to the FWI Trademark, Defendant has manufactured, distributed, offered for sale and/or sold the goods and services or Products to the consuming public in direct competition with Plaintiff's sale of its genuine products, in

or affecting interstate commerce.

33.     Defendant's use of marks which infringe upon the FWI Trademark is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of the Infringing goods and services and any Products, and is likely to deceive the public into believing the Infringing goods and services and any Products originate from, are associated with or are otherwise authorized by Plaintiff, all to the damage and detriment of Plaintiff s reputation, goodwill and sales.

34.     As a result of Defendant's activities, Plaintiff has been damaged in an amount to be ascertained, but no less than $,5,000,000.00.  As an additional result of Defendant's activities, IMG is liable to FWI for:      (a) an amount representing three      (3) times FWI's reasonable damages and losses or Defendants' illicit   profits; and (b) reasonable attorney's fees, investigative fees and pre-judgment interest pursuant to 15 U.S.C. § 1117.

**FOURTH COUNTERCLAIM**
**UNLAWFUL DECEPTIVE ACTS AND PRACTICES**
(New York General Business Law § 349)

35.     Plaintiff repeats and re--alleges Paragraphs 1 through 34 of this Cross-Claim, as if fully set forth fully herein.

36.     Upon information and belief, Cross-Claimant alleges that IMG, without FWI s authorization or consent, and having knowledge of FWI's well-known and prior rights in the "New York Fashion Week" and "New York Fashion Shows" Trademarks, has by its infringing uses of the same general nature and type as FWI's business services and events hosted by FWI and as such, IMG's promotion, sponsorship, and advertisement of fashion show productions including sale, and offers for sale of tickets to this events sale of the, advertised, distributed, offered for sale and/or sold infringing Products to the consuming public in direct competition with Plaintiff bearing FWI tradenames and logos.

37.     FWI further alleges that IMG's use of actual copies or simulations of the FWI

Trademarks are likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of the Infringing Products, and is likely to deceive the public into believing the Infringing Products being sold by IMG originate from, are associated with, or are otherwise authorized by FWI. IMG's deceptive acts and practices involve public sales activities of a recurring nature.

38.     As a direct and proximate cause of IMG's unlawful and deceptive acts, FWI has been damaged by the infringement of IMG and the suppression of FWI's right to compete and use its own marks in the marketplace, and by lost profits and business opportunities both past and future, in an amount to be proven at trial, but no less than 5 million.

## PRAYER FOR RELIEF

WHEREFORE, Cross-Claimant respectfully requests the following relief as to each of the above causes of action:

1.     That IMG, its officers, employees, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them be enjoined and restrained and thereafter, permanently enjoined:

a. from using in any manner the marks which infringe upon Plaintiff's FWI Trademarks, as to be likely to cause confusion, deception, or mistake on or in connection with any use which is in same general nature and type as Plaintiff's business services and events hosted by Plaintiff and as such, including Defendant's promotion, sponsorship, and advertisements of fashion shows productions including the sale, and offers for sale of tickets or giveaway of tickets to this events to be offered or sold in connection with each of Defendant's services;

b.   from passing off, inducing, or enabling others to sell or pass off any product or service produced by Plaintiff, not Plaintiff's, or not produced under the control and supervision of Plaintiff and approved by Plaintiff for sale under the FWI Trademarks

c.   from committing any acts calculated to cause consumers to believe that the Infringing goods and services are produced under the control and supervision of Plaintiff, or sponsored or approved by, or connected with, or guaranteed by, or produced under the control and supervision of Plaintiff;

d.   from further diluting and infringing the FWI Trademarks, and damaging Plaintiff's goodwill;

e.   from otherwise competing unfairly with Plaintiff in any manner;

2.      That IMG be required to forthwith deliver up for destruction their entire inventory of any Products and any advertising or promotional materials bearing the FWI Trademarks or a confusingly similar copy thereof.

3.      That IMG compensate the Cross-Claimant for all past losses attributable to its wrongful use of FWI's trademarks, for suppressing the right of FWI to compete in the consumer fashion marketplace, and for all losses suffered by FWI, caused by the infringement by IMG, of FWI's marks, which it used in direct contravention of FWI's exclusive rights to its marks; and that IMG disgorge any and all profits which it made from the wrongful use of FWI's trademarks.

4.      That IMG, within thirty (30) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Plaintiff a

written report under oath setting forth in detail the manner in which Defendants have complied with paragraphs 1, 2, and 3 supra.

5.      That IMG account for any and all sales of sponsorship's and licenses sold in 2015 and 2016 to third parties for use of FWI Trademarks; and to pay over to Plaintiff profits realized by reason of Defendant's unlawful acts herein alleged and, that the amount of damages for infringement of Plaintiff's FWI Trademarks be increased by a sum of treble damages under 15 U.S.C. §§ 1117(b);

6.      That FWI be awarded punitive damages in an amount sufficient to punish the malicious and willful conduct of IMG, and to act as a warning to others to not engage in the same wrongful conduct.

8.      That FWI be awarded be awarded costs and disbursements of this action, together with reasonable attorney fees under section 15 U.S.C. §§ 1117(b), and New York Law.

9.      That FWI be awarded such other and further relief as the Court may deem equitable, including, but not limited to, any relief set forth under Sections 34-39 of the 1946 Trademark Act.


Dated: Ronkonkoma, New York                    REINE ROONEY LLC
       January 14, 2020


                                               By ____/s/Reine Glanz/_____
                                               Reine Glanz
                                               33 Weichers Street
                                               Lake Ronkonkoma, NY 11779
                                               917-334-7043
                                               reine@reinerooneyllc.com

                                               Attorney for Defendant
                                               Fashion Week Inc.