UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IMG WORLDWIDE, LLC and INTERNATIONAL MERCHANDISING COMPANY, LLC,<br><br>**Plaintiffs,**<br><br>v.<br><br>**FASHION WEEK INC. and TRISHA PARAVAS a/k/a PATRICIA PARAVAS a/k/a TRISHA PRASAD a/k/a DEEPIKA PARAVASTHU,**<br><br>**Defendants.** | No. 19-cv-11225 (RA)<br><br>**STIPULATED PROTECTIVE ORDER** |

WHEREAS, the parties to this action request that the Court issue a protective order to protect the confidentiality of nonpublic, financial, competitively sensitive and/or other confidential information that they may need to disclose during discovery in this action; and

WHEREAS, the parties, through counsel, agree to the following terms;

IT IS HEREBY ORDERED that any person subject to this Order – including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – will adhere to the following terms:

1. Definitions

    (a)     The term "confidential information" means any information, whether oral or in documentary or other tangible form, designated pursuant to this Order by any producing person which it reasonably believes is of the type protectable under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.  All documents prepared or derived from confidential

information, such as copies, reproductions, extracts, summaries, memoranda, correspondence, or notes, shall likewise be considered confidential information.

(b) The term "disclose" means to show, give, make available, or communicate, in any fashion, to any person, any information, document, information concerning the content of any document, or any portion of the information contained in any document, furnished by any party or non-party in this litigation.

(c) The term "document" means the original and any copy, regardless of origin or location, of any written or recorded material, in whole or in part, including, without limitation, computer-stored and computer-retrievable information.

(d) The term "person" means any natural person, corporation, partnership, proprietorship, group, association, organization, business entity, governmental body, or agency.

(e) The term "producing person" means any person, whether a party or non-party, who produces any information, whether oral or in documentary or other tangible form, in response to any discovery method permitted by the Federal Rules of Civil Procedure.

(f) The term "receiving person" means any person to whom information is disclosed in this action in response to any discovery method permitted by the Federal Rules of Civil Procedure.

(g) The term "counsel of record" means Kelley Drye & Warren LLP for Plaintiffs IMG Worldwide, LLC and International Merchandising Company, LLC and the Law Office of Erica Doran for Defendant Fashion Week, Inc.

2. Any producing person may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" any documents, testimony or

other discovery material that contains confidential information by placing or affixing on each page of such material (or the first page of any multi-paged material) or on the face of such thing, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."  Any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" designation that is inadvertently omitted during document production may be corrected by written notification to the receiving person.

3. Discovery materials designated "CONFIDENTIAL" shall be maintained in confidence by the receiving person, are solely for use in connection with this action, and shall not be disclosed to any person except:

(a) the Court and Court personnel including court reporters who transcribe testimony at depositions, hearings or trial and any translators needed to translate documents into English;

(b) counsel of record and employees of counsel of record actually assisting counsel in this action;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel of record hire and assign to this matter;

(d) the parties to this action;

(e) in-house counsel involved in this action and any necessary legal assistants and clerical employees under their direct supervision;

(f) outside experts and consultants engaged by counsel or the parties to assist in this action and any necessary assistants and clerical employees under their direct supervision and employed by them or their employer or organization, provided that each such

-3-

4853-1351-0071v.3

person has been notified of the terms of this Order and agrees to comply with the terms set forth in the undertaking attached as Exhibit A hereto; and

    (g) employees of the producing person testifying at a deposition and/or former employees of the producing person who previously had access authorized by the producing party to the confidential information.[*]

    4. Any producing person may designate as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" any document, testimony or other discovery material that is confidential information which is currently commercially sensitive information that the producing person or its counsel believes in good faith should not be disclosed to employees or agents of the adverse party—a business competitor—except as specified in paragraph 5 below.

    5. Discovery Materials designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be maintained in confidence for use by counsel of record who must have access to such documentation solely for use in connection with this action and shall not be disclosed to any person except:

    (a) the Court and Court personnel including court reporters who transcribe testimony at depositions, hearings or trial, and any translators needed to translate documents into English;

    (b) counsel of record and employees of counsel of record actually assisting counsel in this action;

    (c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel of record hire and assign to this matter;

---

[*] Evidence of authorized access includes, but is not limited to, the former employee's name appearing as author or recipient in a typed document.

4853-1351-0071v.3

     (d) outside experts and consultants engaged by counsel or the parties to assist in this action and any necessary assistants and clerical employees under their direct supervision and employed by them or their employer or organization, provided that each such person has been notified of the terms of this Order and agrees to comply with the terms set forth in the undertaking attached as Exhibit A hereto; and

     (e) in-house counsel involved in this action and any necessary legal assistants and clerical employees under their direct supervision.

    6. For Discovery Materials that Plaintiffs designate "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" and produce to Defendant Fashion Week Inc., Plaintiffs shall provide to *pro se* Defendant Trisha Paravas a corresponding list describing the date and nature of the documents designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

    7. If any producing person wishes to disclose "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" material to anyone under paragraphs 3(f) and 5(d) of this Order, the producing person shall serve on opposing counsel an original, signed copy of the undertaking in the form of Exhibit A, as well as a resume or statement of qualifications of such person. No "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" material will be disclosed to such person if, within seven (7) business days after service of the signed undertaking, counsel receiving the signed undertaking serves a Notice of Objection to disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" material to such person setting forth each objection and the basis therefore. The parties shall only interpose good faith objections. If no Notice of Objection is made within the seven (7) day period,

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" material may thereafter be disclosed to such person. If a Notice of Objection is made within seven (7) days, the parties shall use a good faith effort to overcome the Notice of Objection. If the parties cannot resolve the objections, "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" material will not be disclosed to the person, except upon order of the Court. The parties shall, if at all possible, seek a prompt telephone conference with the Court for the purpose of resolving the question of disclosure.

8. In the event that any question is asked at a deposition that calls for the disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information, the witness shall nevertheless answer such question unless he has an independent basis for not responding, provided that the only persons in attendance at the deposition are persons who are qualified to receive CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information, as the case may be. Counsel for the person claiming a level of confidentiality may designate deposition exhibits or portions of the deposition transcripts as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, either at the deposition by making a statement for inclusion in the deposition transcript, or within (15) business days after receipt of the deposition transcript by notifying opposing counsel in writing. In the event counsel for the person claiming a level of confidentiality designates a question and answer CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY at the deposition, counsel may direct that such question and answer be transcribed separately from the remainder of the deposition and the cover page and those portions of the original and all copies of the deposition transcript which contain CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information shall be separately bound and

4853-1351-0071v.3

bear the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

9. Should either party subpoena documents from or depose third party witnesses who may possess or have knowledge of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" material belonging to a party to this action, the party claiming that the information or documents are either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" material may, before the documents are produced or the testimony is given, designate that the documents or testimony be deemed either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" material, which shall subject such documents or testimony to the provisions of this Order pertaining to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" material.  Such designation shall be subject to the right of the designating party to later re-designate the documents or information produced, or the testimony given, or the right of the other party to request that documents or information be re-designated through the process set forth in paragraph 10 below.

10. Any receiving person who objects to any designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" may at any time before the trial of this action serve upon counsel for the producing person a written notice stating with particularity the grounds of the objection.  If the parties cannot reach agreement promptly, counsel for all affected parties will address their dispute to this Court in accordance with paragraph 3 of the Court's Individual Rules & Practices.  However, no failure to promptly move to un-designate or re-designate discovery material shall waive or compromise such a motion, provided such motion is made during the discovery period in the case.

4853-1351-0071v.3

11. In the event that a receiving person is served with a subpoena by any person, firm, corporation, or other entity who is not a party to this Order that seeks to compel a production of material that has been designated by a producing person as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," the party upon whom the subpoena is served shall give written notice of the subpoena to the party who has asserted the "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" designation within seven (7) days of receipt of the subpoena and in any event, before the production date set forth in the subpoena.  The party who has initially designated the "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" material shall then have the responsibility to obtain a court order to quash the subpoena and/or obtain such other relief as will protect the "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" nature of the material.  Should such a motion to quash be filed before the requested production date, the party upon whom the subpoena is served shall not deliver the documents until after such time as the Court rules on the subject motion; should an order be obtained, the party upon whom the subpoena is served shall comply with the order.  Should no motion be filed before the scheduled production date, the party upon whom the subpoena is served may comply with the subpoena.

12. This Order fully applies to all discovery in this action.

13. All discovery materials whether designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or not designated at all, shall be used solely for the prosecution or defense of the claims in this action and only in connection with this action and shall not be used for any business, commercial, competitive, personal or other purpose.

      14.     All "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" material shall be stored under the direct control of counsel of record who shall be responsible for preventing any disclosure thereof, except in accordance with the terms of this Order. At the conclusion of the trial and of any appeal or upon other termination of this litigation, all "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" material produced by a person, and all copies thereof, shall be returned to the producing person, or counsel of record shall certify in writing that such material has been destroyed at the direction of the producing person. Each party's attorneys specifically retained for this action shall have the right to retain archival copies of documents constituting their own work product, of pleadings, motion papers, expert reports, legal memoranda, correspondence, deposition transcripts and deposition or trial exhibits, in its offices, even if such materials contain confidential information. Provisions of this Order, insofar as they restrict the communication and use of material shall, without written permission of the producing person or further order of this Court, continue to be binding on all persons subject to the terms of this Order until further order of the Court.

      15.     No "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" material shall be filed in the public record of this action. All material so designated in accordance with the terms of this Order that is filed with the Court, and any pleadings, motions or other paper filed with the Court, including trial briefs and deposition transcripts disclosing any such material, shall be filed under seal in accordance with paragraph 5.A of Court's Individual Rules & Practices.

      16.     Inadvertent production of any discovery material that would be protected from disclosure pursuant to this Order, the attorney-client privilege, the work product doctrine or any other relevant privilege or immunity shall not constitute waiver of the applicable privilege or

immunity. If any such document or discovery material is inadvertently produced, the recipient of the document, upon request from the producing person, will promptly return all copies of the document in its possession, delete any versions of the documents on any database it maintains and make no use of the information contained in the document. Provided, however, that the party returning such document shall have the right to apply to the Court for an order that such document is not protected from disclosure by any privilege or immunity.

17. Nothing contained in this Order shall preclude any party from using its own "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" material in any manner it sees fit, without prior consent of any party or the Court.

18. Nothing contained in this Order shall pertain to information or material that: (a) was, is, or becomes public knowledge, not in violation of this Order; (b) is acquired by the receiving person from a third party having the right to disclose such information or material; or (c) was lawfully possessed by the receiving person prior to execution by the parties of this Order.

19. This Order shall in no way affect or impair the right of any person to raise or assert any defenses or objections to the discovery or production of documents or information to the use, relevancy or admissibility at trial of any evidence, whether or not comprised of documents or information governed by this Order.

20. By written agreement of the parties, or upon motion and order of the Court, the terms of this Order may be amended and modified. This Order shall continue in force until amended or superseded by express order of the Court, shall continue to be binding upon all persons to whom confidential information is produced or disclosed, and shall survive any final judgment or settlement in this action under the jurisdiction of the U.S. District Court.

4853-1351-0071v.3

21. The parties shall be bound by this Order upon execution by the parties' counsel.


AGREED AND CONSENTED TO:

| KELLEY DRYE & WARREN LLP | LAW OFFICE OF ERICA DORAN |

*[signature]*

Andrea L. Calvaruso
Michael C. Lynch
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY 10178
Tel:   (212) 808-7800

*Attorneys for Plaintiff
IMG Worldwide, LLC and International
Merchandising Company, LLC*

Erica Doran
LAW OFFICE OF ERICA DORAN
42 Church Street
Syosset, NY 11791
Tel:   (516) 263-5305

*Attorney for Defendant
Fashion Week, Inc.*


TRISHA PARAVAS

_____
Trisha Paravas
P.O. Box # 7415
New York, NY 10116
Tel:  646-830-1341
*Litigant Pro Se*



Dated: _____, 2020

SO ORDERED:

_____
                    U.S.D.J.

-11-

4853-1351-0071v.3

21.     The parties shall be bound by this Order upon execution by the parties' counsel.

AGREED AND CONSENTED TO:

KELLEY DRYE & WARREN LLP

_____
Andrea L. Calvaruso
Michael C. Lynch
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY 10178
Tel: (212) 808-7800

*Attorneys for Plaintiff
IMG Worldwide, LLC and International Merchandising Company, LLC*

LAW OFFICE OF ERICA DORAN

_____
Erica Doran
LAW OFFICE OF ERICA DORAN
42 Church Street
Syosset, NY 11791
Tel: (516) 263-5305

*Attorney for Defendant
Fashion Week, Inc.*

TRISHA PARAVAS

_____
Trisha Paravas
P.O. Box # 7415
New York, NY 10116
Tel: 646-830-1341
*Litigant Pro Se*

Dated: _____, 2020

SO ORDERED:

_____
            U.S.D.J.



21. The parties shall be bound by this Order upon execution by the parties' counsel.

AGREED AND CONSENTED TO:

KELLEY DRYE & WARREN LLP                    LAW OFFICE OF ERICA DORAN

_____                    _____
Andrea L. Calvaruso                          Erica Doran
Michael C. Lynch                             LAW OFFICE OF ERICA DORAN
KELLEY DRYE & WARREN LLP                     42 Church Street
101 Park Avenue                              Syosset, NY 11791
New York, NY 10178                           Tel:  (516) 263-5305
Tel:  (212) 808-7800

                                             *Attorney for Defendant*
*Attorneys for Plaintiff*                    *Fashion Week, Inc.*
*IMG Worldwide, LLC and International*
*Merchandising Company, LLC*


TRISHA PARAVAS
_____  06/01/2020
Trisha Paravas
P.O. Box # 7415
New York, NY 10116
Tel:  646-830-1341
*Litigant Pro Se*


Dated:  ____June 3____, 2020

SO ORDERED:
_____
              U.S.D.J.

# EXHIBIT A

**Undertaking Concerning Confidential Information Covered by Protective Order**

The undersigned hereby acknowledges that he/she has read the STIPULATED PROTECTIVE ORDER dated _____, 2020 and entered in the action captioned *IMG Worldwide, LLC et al. v. Fashion Week Inc.*, No.: 1:19-cv-11225 (RA) pending in the United States District Court for the Southern District of New York, understands the terms thereof, and that he/she agrees to be bound by such terms.

The undersigned understands that a violation of this undertaking could be punishable as contempt of court, and may subject the undersigned to civil litigation in United States District Court by anyone injured by the disclosure of confidential information by the undersigned.

_____            _____
Signature                                                                      Date

4853-1351-0071v.3