**KELLEY DRYE & WARREN LLP**

A LIMITED LIABILITY PARTNERSHIP

**101 PARK AVENUE**

**NEW YORK, NY 10178**

(212) 808-7800

WASHINGTON, DC
CHICAGO, IL
HOUSTON, TX
LOS ANGELES, CA
SAN DIEGO, CA
PARSIPPANY, NJ
STAMFORD, CT
BRUSSELS, BELGIUM
AFFILIATE OFFICE
MUMBAI, INDIA

ANDREA L. CALVARUSO

DIRECT LINE: (212) 808-7853

EMAIL: acalvaruso@kelleydrye.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 08/20/2020

SO ORDERED:

*Katharine H. Parker*

HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE

08/20/2020

August 20, 2020

**VIA ECF**
Hon. Katharine H. Parker
U.S. District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *IMG Worldwide, LLC et al. v. Fashion Week Inc. et al.*, Case No. 19-cv-11225-RA-KHP

Dear Judge Parker:

We represent Plaintiffs IMG Worldwide, LLC and International Merchandising Company, LLC ("Plaintiffs") in the above-referenced action. We write on behalf of Plaintiffs to respectfully request that the Court permit certain portions of the Court's July 27, 2020 transcript of the parties' telephonic case management conference (the "July 27 Transcript") to be redacted and maintained under seal.

The July 27 Transcript contains confidential information relating to the parties' prior confidential settlement negotiations. Specifically, Plaintiffs request redaction of the following portions of the transcript:

- Tr. 9:21-22: discussion regarding prior confidential settlement negotiations between the parties.

- Tr. 9:24: discussion regarding prior confidential settlement negotiations between the parties.

- Tr. 10:2: discussion regarding prior confidential settlement negotiations between the parties.

- Tr. 19:11-12: discussion regarding prior confidential settlement negotiations between the parties.

The confidential information contained in the transcript regarding the prior settlement discussions between the parties is not known to any persons other than the Plaintiffs and Defendants in this action and the parties all agreed to keep the terms of the prior settlement

**KELLEY DRYE & WARREN LLP**

August 20, 2020
Page Two

discussions confidential. Courts in the Second Circuit have sealed this type of information on the grounds that the presumption of public access to such information is low. *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 n.4 (2d Cir. 2016) (noting that documents exchanged between the parties during discovery often do not directly affect adjudication and have a low presumption of public access) (citing *U.S. v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 857 (2d Cir.1998) ("settlement negotiations … 'do not carry a presumption of public access' because '[t]he judge cannot act upon these discussions or documents until they are final, and the judge may not be privy to all of them'")); *see also, e.g.*, *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143-44 (2d Cir. 2004) (finding that a settlement amount agreed to by the parties on a confidential basis and not made part of the court record, which was referenced during a hearing, easily overcame any presumption of public access and should remain sealed) (citing *Glens Falls Newspapers, Inc.*, 160 F.3d at 857 (approving the sealing of settlement documents and drafts because of, inter alia, the court's responsibility to encourage and facilitate settlements)); *Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, No. 3:11-CV-1209 CSH, 2013 WL 4012772, at *9-10 (D. Conn. Aug. 5, 2013) (granting plaintiff's motion to seal designated portions of a hearing transcript where it revealed, inter alia, settlement information, on the grounds that confidentiality interests overcame the presumption of public access to judicial documents). *Cf. Gonzalez v. Scalinatella, Inc.*, 112 F. Supp. 3d 5, 11 n.2 (S.D.N.Y. 2015) (admonishing defendant for disclosing the course of settlement negotiations in a publicly filed memorandum of law). Indeed, the Court's local rules note that information about settlement discussions should be treated as confidential and not be disclosed publicly. *See* S.D.N.Y. L.R. 5.2 2013 committee note ("[B]efore filing a letter via ECF, parties should consider whether the letter contains information about settlement discussions…that should not be in the public file, in which case the letter should [be filed under seal].").

In accordance with Your Honor's Individual Practices, Plaintiffs have (a) publicly filed the July 27 Transcript with proposed redactions and (b) electronically filed under seal an unredacted copy of the July 27 Transcript with the proposed redactions highlighted. Plaintiffs have made every effort to propose only limited redactions to specific references in the July 27 Transcript to confidential settlement information. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) ("documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest"). Indeed, the redactions proposed by Plaintiffs ensure that there will be public access to the vast majority of the July 27 Transcript.

Plaintiffs respectfully request that the above portions of the July 27 Transcript be redacted and maintained under seal.

Respectfully submitted,

KELLEY DRYE & WARREN LLP

*/s/ Andrea L. Calvaruso*